Lyle Perry **TAGGART, Plaintiff—Appellant,**

v.

Jim **MACDONALD, Warden; et al., Defendants—Appellees.**

No. 04–35493.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lyle Perry Taggart, ID No. 44985, CCC—Crossroads Correctional Center, Shelby, MT, pro se.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Lyle Perry Taggart, a Montana state prisoner, appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his medical needs. We have jurisdiction pursuant to 28 U.S.C.

---

§ 1291. We review de novo dismissals under both 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and 28 U.S.C. § 1915(e), *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm.

■ The district court properly dismissed Taggart's claims that the defendants improperly treated him for seizures, and that he should have been able to refuse treatment, because mere disagreement between a prisoner-patient and prison medical personnel over the course of medical treatment does not amount to deliberate indifference serious medical needs. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989).

■ The district court properly dismissed Taggart's claim that the defendants improperly used shackles to restrain him during his transport from the prison to the hospital, and during his hospital stay, because Taggart failed to allege facts that support a claim that defendants acted unreasonably or used excessive force against him. *See Forrester v. City of San Diego,* 25 F.3d 804, 807–08 (9th Cir.1994) (where an officer's actions are objectively reasonable in light of the facts and circumstances confronting him, an excessive force claim fails).

■ The district court properly dismissed Taggart's claims regarding his confinement in medical segregation because his allegations that he was temporarily deprived of reading material, temporarily unable to properly cleanse himself, and was yelled at by a prison official, are not objectively serious enough to rise to a constitutional claim. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (conditions must result in the denial of the minimal civilized measure of life's necessities to rise to an Eighth Amendment violation).

■ The district court properly dismissed without prejudice Taggart's claim that the conditions at Crossroads Correctional Center are unsanitary, and foster the transmission of viruses and bacteria, because Taggart did not allege that he or any other inmate at Crossroads actually transmitted any such virus.

■ The district court also properly dismissed Taggart's claim that inmates are routinely denied bandages for openly bleeding cuts or scrapes because he does not allege that any particular inmate has ever been denied bandages, or how this policy has affected him.

Taggart's remaining contentions lack merit.

Taggart's motion for assistance of counsel, filed on June 28, 2004, is denied.

AFFIRMED.